UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA.

JERRY SIMMONS
                    (Plaintiff)

                                                CIVIL ACTION NO:
VERSUS

LOUISIANA DEPT. PUBLIC SFTY & CORR.
                    (Defendant.)

THIS IS A REQUEST/PETITION FOR A REHEARING ON PLAINTIFFS AMENDED CIVIL ACTION JERRY SIMMONS V LA DEPT. PUBLIC SFTY. & CORR. CIVIL ACTION NO: 631037. FOUNDED ON AN ON-GOING EQUAL PROTECTION VIOLATION OF THE FOURTEENTH AMENDMENT AFTER HE SOUGHT JUDICIAL REVIEW UNDER CSARS: 15:1177 ET SEQ. WHICH HAS NOT BEEN HEARD ON THE MERITS IN ANY OF THE FOLLOWING COURTS. 19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA THE HONORABLE R. MICHAEL CALDWELL. COURT OF APPEAL, FIRST CIRCUIT, STATE OF LOUISIANA NO: 2014 CW 1712 BEFORE: KUHN, PETTIGREW AND WELCH JJ.: THE SUPREME COURT OF THE STATE OF LOUISIANA, NO: 2015-CT-1860 DENIED 12/5/2016; AND SUPREME COURT OF THE UNITED STATE NO 16-7833, 4/17/2017 CERT DENIED.

THIS CIVIL ACTION, WHICH HAS YET TO BE HEARD ON ITS MERITS IS AUTHORIZED BY 42 U.S.C. § 1983 TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED HIM BY THE CONSTITUTION OF THE UNITED STATES.

JERRY SIMMONS # 593386
LOUISIANA STATE PENITENTIARY
ANGOLA, LA. 70712.

TABLE OF CONTENT

Memorandum In Support.                              P 1

Jurisdiction                                       P 1-2.

Plaintiff                                          P. 2

Defendant                                          P. 2

Facts, Arguments & Authorities                     P. 2-19

Motion to Amend Claim                              P 12-
(Constructive Denial to Access the Courts)

## LEGAL AUTHORITIES

U.S. Constitution. Amendments 1st, 5th, 14th.                    P. 1

Wolff v. McDonnell, 418 U.S. 539 (1974)                          P. 1

Smith v. Texas, 311 U.S. 128 (1940)                             P. 1

Hill v. Texas, 316 U.S. 400 (1942)                              P. 4

Sandin v. Conner, 515 U.S. 472 (1995)                           P. 4

Hovey v. Elliot, 167 U.S. 409 (1897)                            P. 5

Codd v. Velger, 429 U.S. 624 (1977)                             P. 6

Morton v. Ruiz, 415 U.S. 199 (1974)                             P. 7

Ex Parte Hull, 312 U.S. 546 (1941)                              P. 8

Johnson v. Avery, 383 U.S. 483 (1969)                           P. 8

Bounds v. Smith, 430 U.S. 817 (1977)                            P. 8

Lewis v. Casey, 518 U.S. 343 (1966)                             P. 10

Haines v. Kerner,    (U.S.      (   )                            P. 12

Henry v. Mississippi, 379 U.S. 443 (1965)                       P. 12

Free v. Bland, 369 U.S. 663 (1962)                              P. 19


Coldwell v. Miller, 790 F.2d 589 (    )                         P. 7

American Family Mut. Inc., v. Hollander,
    705 F.3d 339 (C.A. 8. 2013)                                 P. 13

Patrick v. Wal Mart Inc. Store No. 155, 681 F.3d 614 (C.A.5. 2012   P.13

Grullon v. City of New Haven, 720 F.3d 133 (C.A.2 2013)   P. 13

Crowley v. Bannister, 734 F.3d 967 (C.A. 9. 2013)              P. 13


42 U.S.C. § 1983                                                P. 1

28 U.S.C. §§ 1331, 1343, 3723, 1391, 2283, 2284               P. 2

Federal Rules Civil Procedure: Rule 65, 15                     P. 2, P. 13


Pope v. State of Louisiana, 792 So.2d 713 (2011)              P. 4

Lightfoot v. Stalder, 727 So.2d 553 (La. 1998)               P. 9

Jerry Simmons v. La. Dept. Public Sfty. & Corr. Civ. No: 631037     P. 8

Jerry Simmons v. La. Dept. Public Sfty. & Corr. Civ. No: 631639     P. 17

Lee v. State Dept. of Inst., 294 So. 2d 553 (La. App. 1. Cir.)     P. 18

Pope v. La. et. al. 99-cc-2559, 758 So. 2d 143 (La. 2001)     P. 18

La. Civil Code. art. 2315 & 2316     P. 18

LSA-R.S. 15:1184; 15:1177     P. 7, P. 8

La. Disciplinary Rules And Procedures For Adult Offenders, 20, Aug. 2013     P. 3, 6

## QUESTION OF LAW

### (1)

Whether the Equal Protection of the law clause of the Fourteenth Amendment protects Prisoner in State institution from fraudulent documents and/or disciplinary reports generated to bring Prisoner under the jurisdiction of any Federal or State court, Administrative Tribunal and/or Prison Disciplinary Board Hearing ?     (P.4)

### (2)

Whether the minimum equal protection of the law and due process of the law clause of the Fourteenth and Fifth Amendment grant prisoner in state institution a meaningful, if not a fundamentally fair opportunity to defend himself against fraudulent documents generated to bring him under the jurisdiction of any Federal or State court; Administrative Tribunal or Prison Disciplinary Board Hearing, through the actual sub-mission and consideration of any exculpatory evidence and/or testimony which tend to support / prove his actual innocence     (P.5)

### (3)

Whether Prison officials have responsibility and/or duty to assure Public and Courts that Prisoner's constitutional rights are not being violated through use of fraudulent documents and unjustly brought before Prison disciplinary board hearing and punished on the basis of fraudulent documents in sham hearing.     (P.6)

### (4)

Whether the denial of an Prisoner's request for some and/or all available and existing exculpatory evidence and testimony in Federal or State Court; Administrative Tribunal and/or Prison Disciplinary Board Hearing result in prejudice to Prisoner or constitute a fair hearing ?     (P.7)

G: Prisons Response to Plaintiffs ARP resubmission (LSP.2013-2201

H: Prisons **acknowledgment** of receipt of Plaintiff's Disciplinary Board Appeal. July 24, 2013 (LSP-2013-0362-W

I: Plaintiffs letters informing Prison they have failed to respond to his appeal 11/19/2013

J: Plaintiffs letter informing Prison they have failed to respond to his appeal 12/10/2013 (see **K**) infra

K: Plaintiffs letter informing Prison they have failed to respond to his appeal 1/13/2014

L: Prison Disciplinary Report Issued Plaintiff

M: Plaintiffs Traverse (Motion to consolidate)(see Ex. 4)

N: Court of Appeal 1st Cir. State of Louisiana. Nov. 21, 2014 (2014-CW-1712)

O: Notice of Judgment No: 2014-CW-1712

P: Supreme Court of Louisiana. Oct. 14, 2015 (2015-CI-1860)

Q Supreme Court United States Feb 7, 2017 No: 16-7833

R: Letter from LSP Legal Programs on Plaintiff's question on next Court d/or Jurisdiction

S: Letter from Inmate Counsel

T: Plaintiffs letter with LSP Legal Programs response

U: 19th JDC order for oral arguments & production of documents

V: Plaintiffs request for rehearing on his lost Property claim

W: Plaintiffs Appeal to First Circuit Court, State of Louisiana
Appellate Pauper Order   Feb. 6, 2015
Order for Return date   Feb. 10, 2015
Extract of Civil Court   Feb 13, 2015 (note Oct. 7, 2014.)
Notice of Appeal 19th JDC. Feb. 10, 2015 (note Oct. 7, 2014)
Notice of Return date 19th JDC.   Oct. 7, 2014
Notice of Lodging Court of Appeal First Circuit March 11, 2015. (2015-CA-0431)
Rule to Show Cause First Cir. Ct. App June 11, 2015 (2015-CA-0431)
Appeal Dismissed Sept. 9, 2015, First Cir. Ct. Appeal (2015-CA-0431)

X: 19th JDC Bills for Court Cost. No: 631037; 631639.

1. 19th JDC screening judgment No: 631037   Oct. 7, 2014

4. Plaintiffs Traverse

5. 19th JDC. Commissioner's Screening Report No: 631037 Sept. 4, 2014

(5)

Whether Prison's failure to respond to Plaintiff's timely submitted appeal in the prescribed timeframe after numerous inquiries by Plaintiff and only after Plaintiff initiated judicial review in the 19th Judicial District court work to deny plaintiff due process and/or equal protection of the law   (P.8)

(6)

Whether the acts and instances raised in Plaintiff's claims constitute an on-going violation of his Fourteenth Amendment right of the U.S. Constitution   (P.11)

(7)

Whether court erred in applying Lightfoot v Stalder, 727 So.2d 553 and LSA-R.S. 15:1177(A) in refusing to consolidate Plaintiff's claims (P.12)

(8)

Whether Plaintiff's fundamental right to access the courts respected (P.12)

(9)

Whether Plaintiff received adequate legal assistance from Prison's legal programs   (P.16)

(10)

Whether Plaintiff suffered injury and/or prejudice as a result of Prison's Legal Department and his security status which prevented him from accessing Prison's Law Library   (P.17)

(11)

Whether Plaintiff received meaningful and/or adequate access to the courts   (P.17)


## EXHIBITS

A: LSP. Disciplinary Board Appeal Decision. 4/5/14 LSP.2013-0362-W

B: Letter to Prison's Wardens

C: Plaintiff's Administrative Remedy Procedure (ARP)

D: Prison Response to Plaintiff's A.R.P. LSP.2013-2228  (Rejected)

E: Plaintiff's ARP 9/2/2013

F: Plaintiff's ARP (Resubmission)

IN THE
UNITED STATES   DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERRY SIMMONS
(Plaintiff)

VERSUS

LA. DEPT. PUBLIC SFTY. & CORR.
(Defendant)

## MEMORANDUM   IN   SUPPORT

NOW INTO COURT, comes Jerry Simmons (Plaintiff) In the above titled civil cause requesting this Honorable Federal Court's assistance in the securing and enforcement of his Fourteenth, Fifth and First Amendment rights of the United States Constitution: i.e. (Equal Protection and Due Process of the law, Due Process of the law and his right to Access the Courts)

The United States Supreme Court has consistently held "A Prisoner in State institution are not wholly without the protection of the Constitution and the due process clause, There is no iron curtain drawn between the Constitution and the prisons in this country" Wolff -v- Mc Donnell, 418 U.S. 539, 555-56 (1974): see Smith -v- Texas, 311 U.S. 125, 130 n. 3 (1940) 'Equal Protection of the law must be given and not merely promised"

### JURISDICTION

Plaintiff an Inmate of Louisiana State Penitentiary avers this civil action is authorized by 42 U.S.C. § 1983 to redress the deprivations under color of state law of rights secured him

by the Constitution of the United States.

This United States District Court, for the Eastern District of Louisiana has jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3), 3723 (a)(1) and 1391 (b)(2) because it is where the events giving rise to this claim occurred.

Plaintiff's claims for injunctive relief are authorized by 28 U.S.C § 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedures

## PLAINTIFF

Jerry Simmons, is and was at all times mentioned herein a prisoner of the State of Louisiana, in the custody of the Louisiana Department of Corrections. He is currently confined in the Louisiana State Penitentiary (Angola)

## DEFENDANT

The Louisiana Department of Public Safety and Corrections (La. DPSC) is legally responsible for the over all operations of the Louisiana State Penitentiary (Prison), the conduct of it's employees and each prison under it's jurisdiction

## FACTS; ARGUMENTS AND AUTHORITIES

1.

Plaintiff arrived at Louisiana State Penitentiary on 4/22/2013 on a nondisciplinary transfer and was immediately placed on an extended lockdown tier.

2.

On 7/24/2013, at approximately 7:23 am Plaintiff was issued a Disciplinary Report for a 21(E)(a sex offense committed against a staff member) written by a female officer who was never actually present on the extended lockdown tier (Ex. "L" Disciplinary Report)

3.

Plaintiff, who had no disciplinary infractions in his file prior to his arrival at Angola, via letters, notified Prison Official "Prison staff were issuing fraudulent disciplinary reports," requesting that he be given a polygraph test in support of his innocence and submitted a request for Administrative Remedy Procedure (A.R.P.) out-lining the events occurring simultaneously on the extended lockdown tier at time of the alleged offense. to wit:

1. Extended lockdown tier in which Plaintiff was housed is covered by 1x1 inch steel mesh, making it difficult for inmates to stick their fingers, let alone a fully erected adult male penis through.

2. Extended lockdown tier in which Plaintiff was housed has security camera mounted at head of the tier, capturing all activities on the tier, including Plaintiff's cell.

3. Officer issuing the disciplinary report was never actually on tier, being in security booth located off tier.

4. Breakfast was being served and inmate orderlies were picking up trays, trafficing up and down the tier performing morning duties.

5. Plaintiff was engaged in dialogue with inmate counsel, who was standing not more than three feet from Plaintiff's cell.[1]

6. Tier Officer, Sgt. Thomas (Jr.) (different from officer issuing the disciplinary report) was supervising these inmates performing these daily activities on "his" tier.

7. Plaintiff emphasizing to prison official he had been confined since 2010 and prior to his arrival at Angola, he had no parish jail or 'other' prisons disciplinary infractions in his prison file.

(Ex. "B" Letter to Wardens): (Ex. "C" Administrative Remedy Procedure)

4.

Prison Officials failed to respond to Plaintiff's lettered request for polygraph test and denied his initial A.R.P. on the grounds, "Inmate failed to sign A.R.P." (Ex. "D" Prison's Response to A.R.P.)(Ex."E)

---

1 Disciplinary Rules and Procedures for Adult offenders, 20 Aug. 2013 P.6 (2)(B) Counsel substitutes are persons not admitted to the practice of law but are offenders who aid and assist without cost or fee, an accused offender in the preparation and presentation of his defense and/or appeal.

5.

Plaintiff resubmitted his A.R.P. which was "ACCEPTED" (Ex. "G" (SP-2013-2071) Prison instructing Plaintiff to "Seek redress through the prison's disciplinary appeal process" see (Ex. "F" & "G")

6.

Where Equal Protection must be respected Hill v. Texas, 316 U.S. 400, 405 n.6 (1942) and "the Louisiana Corrections Administrative Remedy Procedure provides the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows" Pope v. State of La., 792 So.2d 713, 716 (La.2011). This Equal Protection of the law from arbitrary acts by Prison officials is the starting point of Plaintiff's claim.

## QUESTION OF LAW.

(1)

Whether the Equal Protection of the law clause of the Fourteenth Amendment protects Prisoner in State institution from fraudulent documents and/or disciplinary reports generated to bring Prisoner under the jurisdiction of any Federal or State Court, Administrative Tribunal and/or Prison Disciplinary Board Hearing?

7.

During the disciplinary board hearing Plaintiff maintained his innocence and continually claimed the protection of the Fourteenth Amendment of the United States Constitution; over ring regardless of his present social status as Prisoner, the Equal Protection of the law shields him against arbitrary acts and/or fraudulent documents ill-conceived to bring him under the jurisdiction of any Federal or State Court; Administrative Tribunal and/or Prison Disciplinary Board Hearing for the imposition of punishment based on such fraudulent document. see Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995)

4.

"Prisoners retain protection from arbitrary state action even within expected conditions of confinement other than due process protection; Prisoner may invoke First and Eight Amendments and equal protection clause of the Fourteenth Amendment where appropriate and may draw upon internal prison grievance procedures and State judicial review where available" U.S. at 487 n.11, fn.11

8.

Plaintiff justified in his belief that the same equal protection clause of the Fourteenth Amendment in consonance with the due process clause of the Fifth and Fourteenth Amendment grants him, at a minimum, in the event he is "erroneously" and/or "unjustly" brought before any Federal or State Court; Administrative Tribunal or Prison Disciplinary Board Hearing founded on such fraudulent document, he is provided a meaningful, if not fundamentally fair opportunity to present existing and available exculpatory evidence and testimony crucial to resolving disputed facts and/or which tend to support/prove his actual innocence e.g. Hovey v. Elliot, 167 U.S. 409 (1897)(Where ever one is assailed in his person, property [right] there he may defend, for the liability and the right are inseperable)

QUESTION OF LAW
(2)

Whether the minimum equal protection of the law and due process of the law clause of the Fourteenth and Fifth Amendment grant Prisoner in State institution a meaningful, if not a fundamentally fair opportunity to defend himself against fraudulent documents generated to bring him under the jurisdiction of any Federal or State Court; Administrative tribunal or Prison Disciplinary Board Hearing, through the actual submission and consideration of any exculpatory evidence and/or testimony which tend to support/prove his actual innocence. ?

9.

Where the United States Supreme Court recognize "due process clause does not entitle an inmate to additional disciplinary hearing procedure (such as the calling of a witness) **unless there is a**

factual dispute (relevant to guilt) that the additional
Procedure might help to resolve" <u>Sandin</u>, U.S. at 504, S.Ct. at
2310 (quoting; <u>Codd v. Velger</u>, 429 U.S. 624, 627, 97 S.Ct. 882, 883-
84, (1977)(per curiam)) . . emphasis added

### 10

Plaintiff supported Prison's Disciplinary Board Hearing
Officers abused it's discretion, denying all requested, available and
exculpatory evidence and testimony crucial to resolving disputed
facts in respect to his innocence, then found Plaintiff guilty of
the alleged infraction on the grounds "[Prisoner] provided no
evidence to refute the charges against him" . . ."The report to be
clear and precise", Denying Plaintiff due process and compounding
the equal protection violation. (Ex. "A." L.S.P. Appeal Decision)

> "The disciplinary board has the discretion to grant or deny any
> motion presented during the course of the hearing. A review of
> the record reveals the board ruled on the motions and provided
> appropriate reasons for the ruling" P. 9T2.

### 11.

Surely the enforcement of Plaintiff's (Prisoner's) equal protection
and due process, i.e. the objectives and provisions of the Constitution
would not undermine Prison's rehabilitative and managent objectives
which profess Prisoner's constitutional right are protected in this
Country. cf. Disc. Rules of Proc. Adult offenders P. i; to wit:

> "It is the policy of the Louisiana Department of Public Safety and
> corrections to operate a swift and fair disciplinary process
> that follows constitutional and statutory standards. The
> Disciplinary Rules and Procedures for Adult offenders establishes
> a uniform offender disciplinary process that . . . ▢ Ensures
> constitutional rights are protected"

## QUESTION OF LAW
### (3)

Whether Prison officials have responsibility and/or duty to assure Public
and courts that Prisoner's constitutional rights are not being violated through
use of fraudulent documents and unjustly brought before Prison disciplinary

Board Hearing and punished on the basis of fraudulent documents in sham hearing?

## QUESTION OF LAW
### (4)

Whether the denial of an Prisoner's request for some and/or all available and existing exculpatory evidence and testimony in Federal or State Court; Administrative Tribunal and/or Prison Disciplinary Board Hearing result in prejudice to Prisoner or constitute a fair hearing?

12.

Further "compounding" the aforementioned due process violation and the "continuation" of the equal protection of the law violation; Where "A court shall take judicial notice of administrative remedies adopted by a governmental entity that have been filed with the clerk of the district court in the Parish where the governmental entity is domiciled. (SA-R.S. 15:1184(A)(b)(3); Sandin, Id Pp 4-5 ¶ 7. The La. Dept. of Public Sfty. & Corr., Disc. Rules of Proc, States "All appeals will be decided within 30 calendar days of the date of receipt" P. 13, CH. 4(2)(D)

13.

Plaintiff justified in his belief that where the rights of individuals are effected it is incumbent upon agencies to follow their own procedures and that Prison Officials will follow their own policies and regulations. see Caldwell v. Miller, 790 F.2d 589, (    ); Morton v. Ruiz, 415 U.S. 199, 235 (1974) supported where Prison instructed him to "seek redress through prison's disciplinary board appeal process" that his timely filed and "receipted" appeal (Ex. H; LSP-2013-0362-W) was not responded to by Prison officials in the prescribed timeframe, nor was he notified by Prison additional time was needed, even after Plaintiffs numerous inquiries (Ex. "I"; "J" (see Ex. "K" ¶. I. Letters of inquiry)

/14

Plaintiff submitted his prison disciplinary board hearing appeal, CSP-2013-0362-W as another act and/or instance of an continuation and/or on-going Fourteenth Amendment, equal protection violation; All stemming from the initial fraudulent document; supporting he followed the instructions laid out in A.R.P. no: CSP-2013-2071, however Prison demonstrated it was without adequate procedure, staff dedicated to the enforcement of Plaintiffs Constitutional rights as enunciated in Prison's Rules and Procedures and/or resources to fairly or swiftly address or resolve Plaintiffs supported claim; relieving him of any exhaustion requirements.

## QUESTION OF LAW
### (5)

Whether Prison's failure to respond to Plaintiff's timely submitted appeal in the prescribed time frame after numerous inquiries by Plaintiff and only after Plaintiff initiated judicial review in the 19th Judicial District Court work to deny Plaintiff due process and/or equal protection of the law.?

15.

Where the United States Supreme Court established that Prisoners have a fundamental right to access the courts in a series of important cases. Ex parte Hull 312 U.S. 546 (1941); Johnson v. Avery, 385 U.S. 483 (1969); Bounds v. Smith, 430 U.S. 817 (1977). Plaintiff Sought judicial review in this matter. Jerry Simmons v. La. Dept. of Public Sfty, & Corr., Civil no. 631037; see LSA-RS 15:1177 (A).

"Any offender who is aggrieved by an adverse decision...by the Department of Public Safety and Corrections,...may within thirty days after receipt of the decision seek judicial review of the decision only in the Nineteenth Judicial District Court.

Ibid (A)(9) et. seq.

The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inference, conclusions or decisions are.

8

(a) In violation of the Constitution or statutory provisions

(c) Made upon unlawful procedure

(d) Affected by error of law

(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion

(f) Manifestly erroneous in view of the reliable probative and substantial evidence on the whole record.

16.

Plaintiff provided Hearing Commissioner and/or the 19th JDC with the lion's share of all reliable documents and easily verifiable records crucial to supporting the occurance, veracity and accuracy of all (individual and cumulative) claims; making a strong prima facie showing; justifying any court's granting of summary judgment in his favor on the merits of these provided records. (supra)

17

However in the face of Plaintiff's submitted records; In the interest of justice; judicial economy and the common sense dictates which discourages the filings of frivolous and malicious law suits that disrupts the continual depletion of judicial resources as a legitimate state interest, the 19th JDC, adopting Commissioner's recommendation, misapplying <u>Lightfoot v. Stalder</u>, 97-2626 (La. App. 1 cir. 12/28/98), 727 So.2d 553 and (La. R.S.: 15:1177 (A)(3) construed Plaintiff's claim(s) and Prison's actions as multiple claims, from different foundations, eluding to the complex nature and volume of required records attempted to have Plaintiff seperate each claim, requiring individual filings on all acts and instances (Ex. 5. Commissioner's Screening Report)

> "Allowing an offender to request review of more than one adverse decision in the same position would call into question timeliness issues and unnecessarily complicate the reviewing courts role by having several records transmitted for review. This would allow

a multitude of cross referencing issues, facts and actions which would not allow for orderly disposition of the suit." P.2. "(Ex of Petitioners Traverse)   18

Plaintiff emphasizing "without the ability to access the Courts and draw their attention to Constitutionally improper behavior, all of us — Prisoners and free citizens alike — would be deprived of the first — and often the only — line of defense against Constitutional violations." Casey, U.S. at 405, S.Ct. at 2207 fn. 1, so not only is Lightfoot clearly distinguishable from Plaintiff's claim(s) founded on the continuation of an equal protection violation (Lightfoot attempts a class action from different foundations), but in the instant case where reviewing court would surely require records and/or inquire into the foundation of the claim(s), i.e. (Ex. 'L'; Fraudulent Disciplinary Report): Was some type of hearing held in determining Plaintiff's guilt or innocence. See (Ex. A ) supra. P.6 at ¶ 10: How much process was Plaintiff provided in respect to disputed facts. and his claim of innocence. (Ex. A )supra P.6 at. ¶ 10. : What were the grounds for determining guilt. (Ex. A ) supra, and did Plaintiff appeal the decision. (Ex H.) supra. P.7 at ¶ 13.: see(Ex. W )

19.

Plaintiff not only provided these and other documents crucial to a fair and swift disposition, chronologizing and supporting each claim thus eliminating the need for a multitude of cross referencing of volume of records and or questioning the timeliness of events; But in the interest of justice, judicial economy and the common sense dictates which discourage the filing of frivolous and malicious law suits that disrupt the continual

depletion of judicial resources as a legitimate state interest.
requested that his claim(s), i.e. supported acts and instances,
be consolidated under one claim, which was denied. (Ex. M; Ex. 4:
Petitioner's Traverse; Motion To Consolidate.)

20

Plaintiff submits where he has a fundamental and/or meaningful
right to access the courts for the enforcement of his substantial rights
Id (in a true adversarial encounter) it does not logically follow
him seperating his claim(s) (stemming from the initial fraudulent
document and/or equal protection violation) where the commissioner
readily admits it would be easier to defeat Plaintiff's claim(s) if
they were seperated; prejudicing Plaintiff. (Ex. 5 comm. Report

" The Commissioner notes that had the Petitioner selected a
particular claim in the instant suit it is likely that both
claims would have ultimately been screened out and not
considered on the merits." P.2. fn. 4.

21.

Plaintiff emphasizing where he has a fundamental right to access
the courts, he has brought to court's attention the violation of his
substantial rights; providing documents and supporting all claim(s) raised
by him. Court in failing to fairly address Plaintiff's claim(s) on any
level on the merits (misapplication of law) have implicitly dismissed
them), requiring no action from Prison (Defendant); Constructively
denying Plaintiff meaning access to the courts and his only line
of defense against an on-going Fourteenth Amendment violation.

## QUESTION OF LAW
### (6)

Whether the acts and instances raised in Plaintiff's claim(s) constitute an
on-going violation of his Fourteenth Amendment right of the U.S. Constitution?

## QUESTION OF LAW
### (7)

Whether court erred in applying Lightfoot v. Stalder, 727.So.2d 553 and LSA-R.S. 15:1177(A) in refusing to consolidate Plaintiffs claims?

## QUESTION OF LAW
### (8)

Whether plaintiff's fundamental right to access the courts respected?

## PLAINTIFF AMENDS HIS CLAIM TO INCLUDE CONSTRUCTIVE DENIAL TO ACCESS THE COURTS
II

### 1.

In respect to Plaintiff's amended (tag-a-long) claim of a Constructive denial to access the courts; under the Fourteenth, Fifth and First Amendments of the United States Constitution; 42 U.S.C § 1983 and LSA-R.S. 15:1177 et. seq.; having established he has a fundamental right to access the courts (supra P.8 at ¶ 15) Plaintiff Submits

1. All claim(s) and/or violation stem from and/or are a continuation of Prison violating his fourteenth Amendment right of equal protection.

2. Had it not been for the fraudulent disciplinary report, equal protection violation, other violations affecting plaintiff's other constitutional rights would not have occured and Plaintiff would not be forced to exercise or invoke his right to access the courts for protection and enforcement of his constitutional right.

3. **To date Plaintiff's complaint-claim(s) he prepared and supported has not been heard on the merits' on any level.** Courts, inapplying precedence having implicitly dismissed Plaintiff's claim

4. For the foregoing reasons Plaintiff asserts his rights to access the courts have been abridged.

### 2.

In respect to any procedural error Plaintiff may have inadvertently committed he preemptively argues the United States Supreme Court has consistently recognized "Pro Se Litigants should not be held to the same standards as a professional Attorney" Haines v. Kerner (U.S.  ,  (  ): cf. Henry v. Mississippi,

379 U.S. 443, 85 S. Ct 564 (1965)

"Procedural rules should not be used to prevent vindication of fundamental rights [or to thwart justice]" U.S. at 448, S. Ct. at 567

### 3.

It is further recognized by Federal Courts that "**Amendments to the pleadings are to be liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudice**" American Family Mut. Ins. v. Hollander, 705 F.3d 339 (C.A. 8, 2013); Patrick v. Wal Mart, Inc. Store No. 155, 681 F.3d 614 (C.A. 5, 2012); Gryllon v. City of New Haven, 720 F.3d 133 (C.A. 2, 2013); Fed. R. Civ. Proc. Rule 15(a)(2); see Crowley v. Bannister, 734 F.3d 967 (C.A. 9, 2013)

"The rule favoring liberally in amendments to pleadings is particularly important for pro se litigants, presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefit from representation of counsel." F.3d at 978 n.19

### STANDARD OF REVIEW

### 4.

The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174 (1996) required for the first time that an inmate complaining that his access to the court has been abridged must demonstrate an "actual injury caused by the claimed denial[2]... an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense... the inmate therefore must go one step further and demonstrate that the alleged short comings in the

---

2 He might show for example that a complaint he prepared was dismissed for failure to satisfy some technical requirement which because of deficiencies in the prison's legal assistance facilities he could not have known. U.S. at 351, n.4, 5.

Library or legal assistance program hindered his efforts to pursue a legal claim. U.S. at 351, S.Ct. at 2180, & Ibid

> "When any inmate show that an actionable claim of this nature which he desired to bring has been lost or rejected or that the presentation of such a claim is currently being prevented, because his capability of filing suit has not been provided, he demonstrates that the state has failed to furnish 'adequate law libraries or adequate assistance from persons trained in the law" U.S. at 356, S.Ct. at 2182 (citing Bounds)

5.

Plaintiff submits where he is a layman, unlearnt in the science of law, avers, since his arrival at Prison he has solely been housed on extended lockdown tiers, segregated units and/or cell blocks and is unable to physically go or allowed meaningful access to Prison's Law Library, conduct his own research, unable to timely submit meaningful response and is forced to accept as valid information provided him by a few "old timers" and/or inmate counsel. (Ex W (misc.))

6.

In most instances Plaintiff must wait for court to utilize some Federal or State Civil rule or precedence; make request for same said relied upon rule or precedence, draws from it some language and/or exception to the utilized rule or precedence, make request for exception; a process not only taking weeks and further prejudicing him; a prose litigant.

7.

Plaintiff submits this emphasizing, Courts are aware as a direct result of these extenuating circumstance beyond Prisoner's control "Weeks may elapse before Prisoner is provided requested material" Casey, U.S. at 362 n.10 and/or "may take years to learn what a lawyer or even an inmate counsel may learn in hours or even weeks See Johnson v. Avery, 393 U.S. 483, 494 fn.10 (1969) contributing to

procedural errors and other deficiencies in his filings, in which he suffers the consequences. ((x. #1 Screening Judgment, oct. 7, 2014) (Ex. W) Supra

8.

In meeting the standard of review Plaintiff supports where he has pursued <u>Jerry Simmons-x-La Dept. Public Sfty. & Corr. Civil action no. 631037</u> to the Louisiana and the United States Supreme Courts (Ex N~Q)(La. 1st Cir Court of Appeal; La Supreme Court; US Supreme Court) He highlights he went from La. Supreme Court, straight to the United States Supreme court; skipping a number of Federal Courts and making procedural error on the advice of inmate counsel (Ex. "R" Lettered response from Inmate Counsel / Prison Legal Dept. on Plaintiff's request for jurisdiction) (Ex. W)

9.

Plaintiff further submits where he has made repeated request for legal books, and cases to draw from and to conduct research in respect to civil rules and procedures (federal & State) he is repeatedly informed by inmate counsel, "The extended lock down/ working cell blocks he is housed utilizes a computer system in it's legal department oppose to books, and without knowing with specificity what rule, exception to the rule or legal precedence Plaintiff is seeking, inmate counsel is unable to provide adequate assistance[3] ((x. "S")

10.

Surely these aforementioned exhibits (i.e. Ex "R"-"T") which supports Plaintiff's claim of skipping courts on advice of inmate counsel; inmate counsel confirming his inability to adequately

---

[3] Plaintiff notes there are different individuals including Exhibit "T" Inmate counsel advising Plaintiff not to pursue his equal protection right, which Plaintiff interprets as warning court will deny claim using Sandin v. Conner, the very case he relies

assist and deterring the filing and/or pursuing of a legitimate Fourteenth Amendment violation as enunciated **explicitly in Sandin** combined with Plaintiff's inability to physically go to prison Law Library to conduct his own research **supports his claim Prison's Law Library and/or Legal Assistance Program is "subpar" in more than some "theoretical" sense;** Cumulatively playing a significant role in Plaintiff's ability to access the courts, meet filing requirements, committing procedural errors and resulting in "**injury**" as contemplated, implied or defined by the United States Supreme Court in <u>Bounds</u> and <u>Casey</u>[4] entitling Plaintiff to relief and justifying amendment.

II

More disturbing is where the United States Supreme Court has extended the universe of relevant claims only slightly to civil rights actions... i.e actions under 42 U.S.C. § 1983 "to vindicate basic constitutional rights" <u>Casey</u>, U.S. at 354 n(3) and recognize legal services provide a safety valve for inmate's grievances, reduce inmate power structures and tensions from unresolved legal problems and contribute to rehabilitation by providing a positive experience with the legal system" <u>Bounds</u>, U.S. at 829, S.ct. at 1499 fn. 18. Not only has Plaintiff claim(s) affecting his substantial rights not been heard by courts, nor have courts required any meaningful response from Prison in this matter, resulting in a breakdown in the adversary process, but Plaintiff is being charged astronomical amounts in court cost for these same unheard and unresolved claims, adding insult to injury. (Ex X Bills expressing court cost)

## QUESTION OF LAW
### (9)

Whether Plaintiff received adequate legal assistance from Prison's Legal Programs?

## QUESTION OF LAW
### (10)

Whether Plaintiff Suffered injury and/or Prejudice as a result of Prison's Legal Department and his security status which prevents him from accessing Prison's Law Library?

## QUESTION OF LAW
### (11)

Whether Plaintiff received meaningful and/or adequate access to the Courts.

### 12.

In further support and in Justification of Plaintiff's amended (tag-a-long) claim of constructive denial to access the courts (Jardion without representation) Plaintiff submits as a direct result of the aforementioned fraudulent disciplinary report, i.e. equal protection violation that he suffered a tort, in that Prison lost "all" of his personal property during transfer to a segregated unit. ( Ex "U" Jerry Simmons v. La. Dept. Public Sfty. & Corr., No: 631639. a Lost Property Claim )

### 13.

In respect to this lost property claim, Plaintiff, after exhausting available Prison avenues filed a lost property claim in the same said 19th Judicial District court, including a request for oral arguments and a production of documents which was granted by court. ( Ex "U" Sept. 22, 2015   19TH J.D.C. order )

### 14.

On Nov. 10, 2015 oral arguments were held on this claim via audio-visual transmission; however Prison (Defendant) failed to produce the ordered document which would of supported Plaintiff's claim of possessing said personal property. **Placing Defendant in contempt.**

---

4 Plaintiff raised and supported these and other claims, i.e. inmate counsel & classification officer failure to make rounds; computer, printer being down, no paper or ink ...etc in his United States Supreme Court Brief.

15.

Although the 19th JDC, sua sponte ordered a rehearing on this claim in sixty days, with all parties returning; Plaintiff supports immediately after the sixty day dead line he notified the 19th JDC that the ordered rehearing had not occurred, nor had he been provided the previously ordered document; inquiring into the status of his claim, requesting rehearing and transcripts in which the 19th JDC has failed to respond. (Ex"V" Packet.)

16.

Plaintiff argues where all events and/or violations occurred in 2013 and are on-going, **surely the 19th JDC has had more than adequate time to respond to Plaintiff's request and/or hold a rehearing in this matter.** Plaintiff submits where he has yet to receive disposition in this matter he is justified in his belief that the 19th JDC, having a symbiotic relationship with Defendant (Prisons) has abandoned him, denying him his right to access the courts.

17.

Plaintiff submits where the United States Supreme Court established that Prisoners have a fundamental right to access the Courts (supra. p.8 ¶ 15) for equal protection violations of the Fourteenth Amendment (supra. pp. 4-5 ¶ 7) and "It is well established that incarcerated persons have the right to a cause of action under La. Civil Code art 2315 & 2316; Lee v. State Dept. of Inst., 294 So. 2d 553 (La. App. 1. Cir.); Pope v. La, et al., 99-CC-2559, 758 So. 2d 143 (La. 2001), **And all violations are the progeny of a fraudulent disciplinary report, i.e. a Fourteenth Amendment violation;** his substantial rights of equal protection and due process of the law cannot be disposed of so easily once he has brought the violation to the attention of the

Courts, they can only be resolved in a hearing on the supported record on the merits e.g. Free v. Bland, 369 U.S. 663, 671 (1962)

### 18.

Where Plaintiff claims have not been heard on the merits and/or fully litigated he now humbly pray this Federal courts intervention and assistance in the enforcement of his constitutional rights

### RELIEF SOUGHT
#### (1)

That plaintiffs amendment to his pleading be liberally granted to bring about the furtherance of justice and rehearing "nunc pro tunc" be granted on the merits of the "provided records."

### A

In Jerry Simmons v. La. Dept. Public Sfty. & Corr. civil action no. 631037 i.e Equal Protection and Due Process violation of the Fourteenth Amendment of the U.S. Constitution Plaintiff request

(i) Consolidation of all claims, acts, and instance raised and/or supported, including denial to access the courts

(ii) Summary Judgment in favor of Plaintiff until Defendant is able to rebut the claims raised by him in a meaningful hearing and/or adversary encounter.

(iii) Summary Judgment that all cost of suit at Defendant's expense

(iv) Order for Defendant to produce any and all records and documents related to the aforementioned disciplinary report; disciplinary board hearing and Plaintiff's appeal

(v) Rehearing "nunc pro tunc" on the merits of all provided records and Oral arguments

(vi) Appointment of counsel for Plaintiff at Defendant's expense

(vii) Disciplinary Report and all mention of it removed from Plaintiff's prison file.

(viii) Injunctive Relief preventing the billing of and/or collection of any and all cost or funds from Plaintiff's account towards suit

B

In Jerry Simmons v. La. Dept. Public Sfty. & Corr. civil action no: 631639 i.e. A Lost Property Claim; La. Civil Code art. 2315 & 2316 Plaintiff request:

(i) For judicial economy and in the interest of justice a **Consolidation** of Plaintiffs civil claims with the aforementioned parties (Jerry Simmons v. La. Dept. Public Sfty. & Corr.) and civil action no: 631037 and 631639.

(ii) Order for Defendant to produce all previously ordered documents, with summary judgment in Plaintiffs favor until which time the documents are produced and/or disposition after a fair and meaningful hearing by impartial Judge or mediator.

(iii) Rehearing "nunc pro tunc" on the merits of all provided and ordered records and/or documents

(iv) Order for Defendant to compensate and/or replace all of Plaintiffs personal property as reflected in his personal property inventory sheets from 4/22/2013

(v) Contradictory Hearing with Judge Nicole Roberson of the 19th Judicial District Court, as to why rehearing in this matter was not held; why Defendant was not required to produce ordered documents; why was Plaintiff not served ...etc.

(vi) All cost of suit of Defendant's expense until final disposition in a fair and meaningful hearing before an impartial Judge or mediator.

(vii) Appointment of counsel for Plaintiff at Defendant's expense

In respect to both claims (A & B) Plaintiff humbly request any other relief court may consider appropriate to deter future egregious conduct by Defendant; not limited to Injunctive Relief preventing the billing of and/or collection of any and all cost or funds from Plaintiff's account towards suits.