# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JERRY SIMMONS (#593386)**

**CIVIL ACTION**

**VERSUS**

**NO. 17-1396-SDD-RLB**

**LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 5, 2019.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JERRY SIMMONS (#593386)**

**CIVIL ACTION**

**VERSUS**

**NO. 17-1396-SDD-RLB**

**LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person confined at the Louisiana State Penitentiary ("LSP") filed this proceeding pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections complaining that his constitutional rights have been violated in conjunction with a disciplinary proceeding and due to denial of his right of access to the courts.  He prays for injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to

dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: On July 24, 2013, the plaintiff was issued a false disciplinary report. During the disciplinary board hearing, the plaintiff was not allowed to present exculpatory evidence and was found guilty. The plaintiff filed a grievance which was denied, and the plaintiff was advised to seek relief through the prison disciplinary appeal process.

The plaintiff appealed through the prison disciplinary appeal process, but his appeal was not processed within the timeframe set forth by the prison's procedural rules. The plaintiff then filed for review in the state trial court; however, the court refused to hear the plaintiff's claims until the plaintiff resubmitted each claim individually due to the court's finding that the plaintiff presented multiple claims stemming from different foundations.

The law library to which the plaintiff has access is not adequate thereby further inhibiting his access to the courts. Additionally, when the plaintiff was transferred to a segregated unit all his personal property was lost during the transfer. The plaintiff exhausted the prison procedures

and then pursued his claim regarding his lost property in the trial court. The plaintiff's claim remained pending in the trial court as of the date of filing of his Complaint herein.

First, the only named defendant is the Louisiana Department of Public Safety and Corrections. Pursuant to 42 U.S.C. § 1983 , only a "person" may be sued for the violation of an inmate's constitutional rights. The Department of Public Safety and Corrections is not a person within the meaning of § 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011). However, even if the plaintiff would be allowed to amend his Complaint to name additional defendants you are persons within the meaning of § 1983, he would still fail to state a claim upon which relief can be granted.

With regards to the handling of the plaintiff's grievances and disciplinary appeals by the prison and the state court, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id*. at 373-74. This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a

disciplinary charge "did not amount to a constitutional deprivation");  and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

 Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights.  *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).  Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights.  *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force.  Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests.  *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not

invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff was sentenced to a custody status change. This punishment does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. *See Dickerson v. Cain,* 241 F. App'x. 193 (5th Cir. 2007) (holding that the plaintiff failed to show that placement in Camp J at LSP presents "an atypical or significant hardship beyond the ordinary incidents of prison life"). The plaintiff's claim here likewise fails to make such a showing.

Regarding the plaintiff's allegations that his constitutional rights have been violated due to the alleged interference with his right of access to the courts, a substantive right of access to the courts has long been recognized. *Lewis v. Casey,* 518 U.S. 343, 347 (1996), *citing Bounds v. Smith,* 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to petition the government for redress of grievances. *Driggers v. Cruz,* 740 F.3d 333, 336–37 (5th Cir. 2014) citing *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731 (1983). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices or otherwise, the transmission of legal documents that prisoners wish to send to the courts. *Ex parte Hull,* 312 U.S. 546 (1941) (striking down a state regulation prohibiting prisoners from filing petitions for habeas corpus without the approval of a state official); *Jackson v. Procunier,* 789 F.2d 307, 310–11 (5th Cir. 1986) (prison officials may not deliberately delay mailing legal papers when they know that such delay will effectively deny a prisoner access to the courts). Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 429 (5th Cir. 1994), *citing Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir. 1989). The

fundamental constitutional right of access to the courts also requires that prison authorities assist

inmates in the preparation and filing of meaningful legal papers by providing prisoners with

adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,*

430 U.S. 817, 828 (1977). This right extends to pretrial detainees as well as to convicted

inmates. *Boyd v. Nowack,* 2010 WL 892995, *2 (E.D. La. March 11, 2010), *citing United States

v. Moya–Gomez,* 860 F.2d 706, 743 (7th Cir. 1988).

The right of access to the courts, however, "guarantees no particular methodology but

rather the conferral of a capability—the capability of bringing contemplated challenges to

sentences or conditions of confinement before the courts." *Lewis v. Casey, supra,* 518 U.S. at

356. Further, in order to prevail on a claim of interference with access to the courts, an inmate

claimant must be able to show that has he suffered some cognizable legal prejudice or detriment

as a result of the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). In

addition, the plaintiff must be able to show that the defendant had an intent to interfere with the

plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the

plaintiff's wish to do so. *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23,

2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation

stemmed from intentional conduct on the part of the defendant; 'access to courts' claims

premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983'").

Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous

claims involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez,* 110 F.3d

299, 311 (5th Cir. 1997). Therefore, because the right to access to the courts "rest[s] on the

recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot

have suffered injury by being shut out of court," *Christopher v. Harbury,* 536 U.S. 403, 415

(2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

In the instant matter, the plaintiff does not allege that he was prohibited from accessing the state court. Rather, the state court simply required the plaintiff to comply with its procedural rules and file a separate claim for each of his unrelated claims. The plaintiff chose not to comply; therefore, his claims were not reviewed by the state trial court.

Turning to the petitioner's claim that the law library is inadequate, the right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey,* 518 U.S. 343, 354 (1996). In *Lewis,* the Supreme Court stated: "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.... [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *Id.* at 351 (emphasis added). *See also Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993) ("the Supreme Court has not extended [the right of access to the courts] to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court").

Additionally, a prisoner cannot prevail on an access-to-the-courts claim without proving an actual injury. *See Lewis v. Casey,* 518 U.S. at 350–52; *Christopher v. Harbury,* 536 U.S. 403,

415–16, (2002). The actual injury requirement is not satisfied by just any type of frustrated legal claim. *Lewis,* 518 U.S. at 354.

In the instant matter, the plaintiff has access to a law library which utilizes a computer system. The plaintiff was merely asked to narrow his requests rather than print a voluminous amount of non-specific information. *See* R. Doc. 1-1, pg. 41. The plaintiff could have complied with the request of the offender counsel substitute. Instead, the plaintiff requests to be transferred to a different area of the prison where he can conduct legal research in accordance with his personal preference. Plaintiff's claims regarding access to the courts does not set forth a constitutional violation.

With regards to the plaintiff's lost property, pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate. *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). In the instant case, the plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which the plaintiff can proceed against the defendant for recovery of his property or for reimbursement for its loss. *Id.* at 763. The plaintiff has, according to his allegations, utilized these procedures. Accordingly, the plaintiff's claims have no arguable basis in the law, and the complaint should be dismissed as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on February 5, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."